IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:08CV147 LG |
| | § | 1:05CR51 LG-RHW |
| JOHN JORDAN, JR. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion of the Defendant, John Earl Jordan, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his Judgment of Conviction and subsequent sentence for violation of 18 U.S.C. § 2113(a). After consideration of Defendant's Motion, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be summarily dismissed.

FACTS AND PROCEDURAL HISTORY

On February 22, 2006, Jordan entered a negotiated plea of guilty to violation of 18 U.S.C. § 2113(a), bank robbery by force or violence. Jordan was sentenced on May 3, 2006 to 114 months imprisonment, a three-year term of supervised release, restitution of $16,900.00, and a mandatory assessment in the amount of $100.00.[1] The judgment of conviction was entered on May 5, 2006. The Defendant did not appeal his guilty plea or sentence.

Jordan filed this Motion on April 11, 2008, raising the claims that he was improperly

---

[1] Jordan was sentenced in five cases simultaneously: 1:04cr3, 1:05cr51, 1:06cr1, 1:06cr2, and 1:06cr3 - each case involving a separate bank robbery. The sentences were imposed to run concurrently.

sentenced because of errors in his presentence investigation and the Presentence Investigation Report. Further, he alleges that counsel was ineffective by failing to correct these errors or bring them to the attention of the Court at the sentencing.

STATUTE OF LIMITATIONS:

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. In accord with other circuits, the Fifth Circuit has determined that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *United States v. Plascencia,* __ F.3d __, 2008 WL 2815535, *2 (5th Cir. July 23, 2008). Here, no direct appeal was filed; therefore the one-year statute of limitations period began to run ten days after entry of the judgment of conviction, or May 19, 2006. *See* FED. R. APP. P. 4(b)(1)(A); 26(a). The limitations period expired on May 19, 2007, approximately ten months before Jordan filed this § 2255 Motion. While the Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), the Court finds no basis for equitable tolling in this case. Consequently, equitable tolling of the limitations period does not apply. The Motion is barred by the applicable statute of limitations and should be denied for that reason.[2]

DEFENDANT'S WAIVER OF HIS RIGHT TO ASSERT CLAIMS UNDER 28 U.S.C. § 2255

Not only is Jordan's § 2255 Motion barred by the statute of limitations, but he has also waived his right to file a § 2255 Motion at all. When Jordan entered his negotiated plea of

---

[2] The Court has the authority to consider affirmative defenses, including the statute of limitations, *sua sponte*, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *Day v. McDonough*, 547 U.S. 198 (2006).

guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or contest the sentence in any post-conviction proceeding.[3]  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction relief.  *United States v. Wilkes*, 20 F.3d 651(5th Cir. 1994).

Jordan does not claim that he did not knowingly and intelligently plead guilty, only that there were errors in his presentence investigation and the Presentence Investigation Report, resulting in an error in the sentencing calculation.  This argument presents no basis for allowing Jordan to avoid the consequences of his guilty plea.  Therefore, even if Jordan's Motion had been timely filed, the Court would be compelled to enforce the plea agreement, including Jordan's waiver of his right to contest the sentence in this post-conviction proceeding.

CERTIFICATE OF APPEALABILITY:

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding " unless a circuit justice or judge issues a certificate of appealability" (" COA").  28

---

[3] Defendant's Memorandum of Understanding, dated February 22, 2006, provides that Jordan:

> Except as other wise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.  The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

Ct. R. 8 p. 2.

U.S.C. § 2253(c)(1)(A).  Although Jordan has not yet filed a notice of appeal, the Court will nonetheless address whether he is entitled to a COA.[4]

A COA "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a section 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002).  Regarding claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

After considering the entire record and Jordan's pleadings, the Court concludes that jurists of reason would not debate whether he has stated a valid claim for relief or whether a

---

[4] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding his claims.

## CONCLUSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that " if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for summary dismissal and cause the movant to be notified." U.S.C.S. § 2255 Proc. R.4(b). For the reasons stated above, the Court finds that it appears from the face of his Motion that Jordan is not entitled to relief. Accordingly, the Motion will be summarily dismissed. The Court further finds that Jordan is not entitled to a Certificate of Appealability.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [13] of the Defendant, John Earl Jordan, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed April 11, 2008, is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that John Earl Jordan, Jr. is **DENIED** a Certificate of Appealability.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions in these causes, if any, are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2008.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE